IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 2:03-CR-0046 |
| | § | |
| HENRY SEBASTION ROHDEN | § | |


## REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT UNDER RULE 60(b)(6)

On June 2, 2003, defendant, represented by retained counsel, pled guilty, pursuant to a plea agreement, to one count of a four count indictment. The count to which defendant pled guilty charged him with possession with intent to distribute cocaine base. In his Plea Agreement, defendant affirmed he had reviewed the application of the United States Sentencing Guidelines with his attorney, acknowledged it was impossible to predict with certainty what guideline range would apply until a presentence investigation had been completed, and that he understood the actual sentence imposed (so long as it was within the statutory maximum) was solely within the discretion of the Court. Defendant Rohden also stated he had thoroughly reviewed all aspects of his case with his lawyer and was fully satisfied with his lawyer's legal representation. As part of the plea agreement, the Government agreed to dismiss the other charges.

In calculating the offense level for defendant's offense, the Presentence Report (PSR) noted defendant was accountable for 81.6 grams of cocaine base resulting in a base offense level of 32. Relevant to the motion under consideration, the PSR found the career offender provisions,

*i.e.*, USSG § 4B1.1, applied because (1) defendant was at least 18 years old at the time of the instant offense, (2) the offense of conviction was a felony that was a controlled substance offense, and (3) defendant had at least two (2) prior felony convictions for "crimes of violence." Based upon a finding that the defendant was a career offender, the offense level increased upward by five (5) points to a level 37.  The PSR further found that defendant met the requirement for acceptance of responsibility and subtracted 3 offense levels resulting in a total offense level of 34.

In computing defendant's criminal history score, the PSR attributed 3 points each to the following state court felony convictions where defendant was sentenced on January 27, 1993 to ten (10) years imprisonment for each conviction, said sentences to run concurrently:

| | |
|---|---|
| Aggravated assault on a peace officer | Cause No. 27,931-D |
| Aggravated assault with a deadly weapon | Cause No. 31,947-D |
| Attempted murder | Cause No. 32,139-D |

Based on these convictions, the PSR determined defendant's criminal history score to be 9 and defendant's Criminal History Category to be IV.  Since defendant had been found to be a career offender, however, the Criminal History Category was adjusted upward to a VI pursuant to USSG § 4B1.1.  Based on a Criminal History Category of VI and a Total Offense Level of 34, defendant's Guideline Range of Imprisonment was 262 to 327 months.  Neither the government nor defendant submitted objections to the PSR.

The government filed a motion for downward departure requesting the Court consider a 3-level downward departure resulting in a guideline range of 188 to 235 months.  The District Judge granted the government's motion and sentenced defendant to a term of 235 months

confinement.  Defendant did not appeal his conviction or sentence.

On July 28, 2004, defendant filed a section 2255 motion to vacate his federal sentence in which he alleged, among other things, that the Court misapplied the guidelines by determining one of defendant's three (3) prior state convictions was a "violent crime" for purposes of the career offender provisions of the Guidelines.  Defendant argued the Court relied on an incorrect state court judgment in determining his prior conviction for aggravated assault with a deadly weapon, Cause No. 31,947-D, was a "violent crime."  Defendant argued that when he pled guilty to the state offense of aggravated assault with a deadly weapon, his "plea was contingent upon the fact that the offense[] [was] not violent and that there would be no weapons involved in the admitted conduct."  Defendant maintained the state court Judgment inaccurately stated he "pled as he was charged, the result of which was that aggravating offense characteristics were attributed to the prior conviction that were not admitted to in the plea."  Defendant concluded the state conviction for aggravated assault with a deadly weapon was invalid and that this Court erred in relying upon said conviction to find defendant was a career offender and in calculating defendant's criminal history score.

Since Rohden's claim was a direct attack upon the Court's application of §4B1.1 of the guidelines which could not be raised in a section 2255 collateral attack on his federal sentence, this Court held defendant's claim of misapplication of the sentencing guidelines was not cognizable in a section 2255 motion.  Because defendant also claimed that counsel was ineffective for failing to object to the PSR's use of his state *aggravated assault with a deadly weapon* conviction in determining he was a career offender under §4B1.1., and in calculating defendant's criminal history score, the merits of his claim were addressed under the ineffective

assistance claim.  In the section 2255 motion, defendant alleged counsel was ineffective based

upon the following:

1.      The conviction was based on a state court plea agreement that the
conviction would be considered "non-violent;"

2.      There was no deadly weapon finding entered by the trial court so the
conviction could not be considered a crime of violence; and

3.      Without a deadly weapon finding, the "aggravated assault with a deadly
weapon" conviction was only a conviction for simple, non-aggravated
assault[1] and, consequently, his conviction should not have been considered
a crime of violence.

Defendant Rohden also argued counsel was ineffective for failing to object to the Court's use of

a state *attempted murder* conviction in finding defendant was a career offender under §4B1.1,

and in calculating defendant's criminal history score.

Rohden's section 2255 motion was denied.  The Court noted a "career offender" under

the federal guidelines is a defendant who has at least two (2) prior felony convictions of a "crime

of violence," and that a "crime of violence" is defined as any offense that, among other things,

"has as an element the use, attempted use or threatened use of physical force against the person

of another."  USSG § 4B1.2.  The Court further noted the term "crime of violence" specifically

includes *murder* and *aggravated assault*, as well as attempts to commit these offenses.  *See*

Commentary to USSG § 4B1.2.

The short answer to defendant's claims is that the absence of an affirmative finding as to

the use of a deadly weapon in the state court judgments for aggravated assault with a deadly

weapon and attempted murder simply did not render the offenses "non-violent" for purposes of

---

[1]The indictment alleged "aggravated" assault based solely upon the use of a deadly weapon in the commission of an
assault.  *See Defendant's Records in Support of Defendant's Brief in Response to the Government's Opposition Brief.*

the career offender federal guidelines.  A "deadly weapon finding" is not a prerequisite to a finding that the offenses in question had, as an element, the "use, attempted use or threatened use of physical force against the person of another."  This Court, in deciding the section 2255 motion, also found the mere absence of a deadly weapon finding in the judgments provided counsel no valid basis for objecting to the classification of the convictions as crimes of violence under the career offender provisions, and that counsel was not deficient for failing to lodge a frivolous objection.

In the 2255 motion, defendant also made other arguments why the convictions could not be considered "crimes of violence."  Defendant argued, as he does here, that without a deadly weapon finding, his conviction for aggravated assault with a deadly weapon was only a conviction for simple, non-aggravated assault and should not have been considered a crime of violence.  This Court held defendant's contention was without merit because he was adjudicated guilty of felony aggravated assault, not of misdemeanor simple assault.  Ultimately, defendant's claim that he was denied effective assistance of counsel as a result of counsel's failure to object to defendant's classification as a career offender was denied, as was the remainder of defendant's motion to vacate.

## Rule 60(b)(6) Motion

On September 13, 2012, defendant filed a pleading entitled "Rule 60(b)(6) Motion." Federal Rule of Civil Procedure 60(b) allows a party to seek relief from a final judgment.  The particular provision under which defendant brought his motion, subsection (b)(6), allows relief to be granted when the movant shows "any other reason that justifies relief," *i.e.*, a reason other than the more specific circumstances set out in Rule 60(b)(1)-(5).  *Gonzalez v. Crosby*, 545 U.S.

524, 529, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005).  Relief under Rule 60(b)(6) is reserved for

"extraordinary circumstances."  *Baits v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir.

1995).

By his motion, defendant Rohden asks the Court to "reopen" his motion to vacate and for

the Court to determine whether Cause Nos. 31,947 (aggravated assault), and 32,139 (attempted

murder) were prior "crimes of violence."  Although Rohden contends this particular issue was

not addressed during the 2255 proceeding, it is clear it was, as discussed immediately above.

Not only was it addressed, it was found to be meritless.  Although defendant contends he is not

challenging any prior rulings but, instead, is merely asking the Court to "reopen" the proceeding

to make an additional ruling, defendant is in fact making the same basic arguments presented <u>and</u>

<u>addressed</u> in the prior 2255 proceeding.

Upon reviewing the Rule 60 motion after it was filed, it was noted that defendant had

attached portions of state court proceedings from 2011.  Consequently, a briefing order was

entered in an effort to find out if there was something in that 2011 proceeding which might

provide a basis for relief.  That briefing order requested defendant Rohden address two issues,

*i.e.*, the timeliness of the Rule 60 motion and what relief, if any, had been granted by the state

courts on the motions for judgment *nunc pro tunc*.  Rohden objected with a challenge to the

briefing order and an allegation that the order was factually inaccurate.  He then claimed he had

not been convicted of "aggravated assault statue [sic] 22.02(a)(2) and attempted murder statue

[sic] 15.01(a)."  While Rohden may have addressed the timeliness issue to some degree, he did

not fully respond to the second question in the briefing order and he has not provided a copy of

the motions for judgment *nunc pro tunc* nor a copy of any state court decision on those motions.

Rohden did attach to his Rule 60(b)(6) motion the two (2) state court judgments at issue. *See* Judgment for Aggravated Assault with a Deadly Weapon, Cause No. 31,947-D ( Ex-7), and Judgment for Attempted Murder, Cause No. 32,139-D (Ex-8). Consequently, while Rohden argues he was not convicted of these felony offenses, and that the state court judge clarified and/or amended the state court judgments, he has not provided this Court with any amended or *nunc pro tunc* judgments. Since defendant's state court judgments for aggravated assault and attempted murder have not been amended or set aside, he remains convicted of those offenses and his Rule 60(b)(6) motion is without merit. Stated differently, Rohden is not entitled to relief for the following reasons.

1.      The Rule 60(b)(6) motion is not timely, having been filed over four (4) years after the appellate court denied a certificate of appealability on defendant's appeal of the denial of his section 2255 motion. Even if the motion were timely, it constitutes a successive 2255 motion which this Court is without jurisdiction to entertain (*see* Ex-3 to Rohden's response to briefing order [Docket No. 389] advising Rohden permission from the Fifth Circuit Court of Appeals must be obtained for a successive section 2255 motion);

2.      Secondly, Rohden has not shown his state court conviction for aggravated assault and attempted murder have been set aside. In fact, as pointed out above, Rohden included copies of the judgments in those state court cases. Rohden's request that this federal Court declare him not guilty of either aggravated assault and/or attempted murder, based upon his representations of what the state court judge intended, supported only by portions of the transcripts of the state court proceedings, is without merit;

3.      Lastly, the Federal Sentencing Guidelines are clear. Both aggravated assault and attempted murder are "crimes of violence." *See* USSG §4B1.2.

This Court understands Rohden's contention that the state court judgments did not include "use of a deadly weapon" findings. The problem for Rohden is that the absence of an affirmative finding of a deadly weapon does not change the fact that the offenses of which he

was convicted are defined by the pertinent guidelines as crimes of violence.  Under Texas law, an affirmative finding of a deadly weapon carries adverse consequences relative to parole and eligibility for parole.  The fact that the state court judge did not make an explicit "use of a deadly weapon" finding, and the fact that such may have benefitted defendant Rohden in some way with respect to service of his state sentence, is not relevant or determinative as to whether the offenses are crimes of violence for purposes of the federal sentencing guidelines.  Defendant appears to argue that during the March 31, 2011 state court hearing, the state trial judge confirmed he did not convict defendant of aggravated assault or attempted murder but, instead, convicted defendant of assault and attempt.  Defendant has not, however, presented any evidence of any finding such as a *nunc pro tunc* judgment.  As the state court record stands, defendant was convicted of aggravated assault and attempted murder, albeit without an affirmative finding of the use of a deadly weapon.  As discussed in the prior section 2255 proceeding, the absence of the use of a deadly weapon finding did not disqualify these two offenses as being "crimes of violence" under the federal guidelines.  In fact, these offenses are specifically classified as crimes of violence.  Defendant has not demonstrated "any . . . reason justifying relief from the operation of the judgment."

Lastly, defendant's reliance on *Haley v. Cockrell*, 306 F.3d 257 (5th Cir. 2002) is misplaced.  In that case, Haley was classified as a habitual offender based on his commission of two prior felony convictions, one of which was aggravated robbery.  Haley demonstrated that in that prior case, he was sentenced for *attempted* robbery and that the deadly weapon finding had

been removed by a *nunc pro tunc* judgment.  Consequently, the State conceded Haley was

convicted of *attempted* robbery and that the conviction did not include an affirmative deadly

weapon finding, which meant the habitual offender enhancement was invalid.  The State argued

Haley was not entitled to relief, however, because he was procedurally barred from raising the

issue.  The federal court concluded that without the affirmative finding, he was actually innocent

of being a habitual offender – an exception to the procedural bar.

Rohden's case is distinguishable from *Haley*.  First, Rohden has not obtained a *nunc pro

tunc* judgment.  Secondly, in *Haley*, the deadly weapon finding was determinative as to whether

Haley's sentence was properly enhanced under Texas law while here, in Rohden's case, the

deadly weapon finding does not, in any way, affect the classification of defendant's prior

offenses as crimes of violence for purposes of the federal sentencing guidelines.  Therefore, even

if the Rule 60(b)(6) were timely, and even if this Court had jurisdiction to hear the motion, it is

without merit.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United

States District Judge that defendant HENRY SEBASTION ROHDEN's Rule 60(b)(6) motion

should be DENIED.

## INSTRUCTIONS FOR SERVICE and NOTICE OF RIGHT TO OBJECT

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 3rd day of May 2013.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)©, or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).